# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**RICKEY HOLIFIELD**                                                            **PETITIONER**

**v.**                            **CASE #: 3:20-cv-00756-HTW-JCG**

**WARDEN CORNELIUS TURNER**                             **RESPONDENT**

## ORDER

BEFORE THE COURT is § 2254 Petitioner Rickey Holifield's Motions for Discovery [11] and Extension of Time [12], including Petitioner's request for a stay pending the resolution of his discovery motion. Having considered the motions, response, and submissions of the parties, the Court is prepared to rule.

## BACKGROUND

Petitioner Holifield's numerous drug-related charges are the focal point of this case. On August 1, 2016, a grand jury indicted Holifield for the following crimes: possession of methamphetamine (as a subsequent drug and habitual offender), allegedly occurring on June 3, 2015; possession of methamphetamine, allegedly occurring on February 14, 2015; and possession of less than thirty grams of marijuana (as a subsequent drug and habitual offender), allegedly occurring on February 14, 2015. [10-2 at 4-5].

On October 3, 2016, the Scott County Circuit Court withheld acceptance of Holifield's guilty plea and placed him in the Drug Court program as part of his non-adjudicated probation. [10-2 at 13-17]. Following numerous violations, including failing numerous drug tests and failing to enroll in the requisite treatment programs,

1

Holifield's non-adjudicated probation was revoked. [10-2 at 22]. The court accepted his guilty plea as to the August 1, 2016 indictment and sentenced Holifield to serve a total of twelve years in the custody of the Mississippi Department of Corrections. [10-2 at 23].

On August 1, 2017, Holifield was indicted, in another separate four-count indictment for crimes allegedly occurring on April 22, 2016. [10-4 at 4-5]. The charges included the following: trafficking methamphetamine, possession of hydrocodone and acetaminophen, possession of marijuana, and possession of alprazolam. *Id*. On October 9, 2018, Holifield plead guilty on all counts and was sentenced to a total of twenty years to run consecutively with his sentence previously ordered twelve-year sentence for his earlier crimes. [10-4 at 10-14].

On September 18, 2018, Holifield filed a Motion for Post-Conviction Collateral Relief. [10-1 at 5-10]. Holiefield asserted five grounds for relief: (1) violation of the United States Constitution and Mississippi Constitution, (2) violation of his procedural and substantive due process rights, (3) violation of the Fifth Amendment to the United States Constitutions' Double Jeopardy Clause, (4) ineffective assistance of counsel, and (5) lack of jurisdiction by the circuit court to impose his sentence. *Id*. at 5-6.

On February 13, 2019, the circuit court denied and dismissed Holiefield's motion. [10-1 at 32-33]. Holiefield subsequently filed a motion for reconsideration [10-1 at 36-51], which the circuit court denied. [10-1 at 54].

Holifield appealed the circuit court's denial of his motion to the Mississippi Court

of Appeals. [10-5 at 5]. The appellate court held that Holifield's prosecution and sentencing under two separate indictments did not violate the Fifth Amendment's Double Jeopardy Clause. In determining that no violation occurred the court reasoned that

> It would be impossible for the 2016 crimes to be prosecuted in violation of the double jeopardy clause because they occurred on different dates, in different locations, and involved different drugs. Further, given the fact that the 2016 crimes were not a part of Holifield's 2016 plea agreement, it therefore follows that he was not prosecuted twice for the same crimes; his arguments to the contrary are without merit.

[10-5 at 12] (*see also Holifield v. State*, 303 So.2d 444, 447-48 (Miss. Ct. App. 2020)). The appellate court likewise found Holifield's ineffective assistance of counsel claim to be without merit. *Id*. Finally, the appellate court held that Holifield's remaining arguments were not set forth in his original motion for post-conviction relief, and therefore was waived and procedurally barred on appeal. *Id*.

On November 23, 2020, Petitioner Holifield filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. [1]. Respondent Warden Cornelius Turner filed a response to Holifield's Habeas petition on March 25, 2021. [9]. Holifield subsequently filed the instant Motions for Discovery [11] and Extension of Time to File [12] on April 13, 2021.

## ANALYSIS

Now before the Court are Petitioner Holifield's Motions for Discovery [11] and Extension of Time. [12]. Additionally, Petitioner Holifield's Motion for Discovery [12] "specifically requests a stay pending resolution of Petitioners Motion for Discovery."

I. **Motion for Discovery**

3

The United States Supreme Court has held that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Under Rule 6(a) of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery . . ."

Expounding on Rule 6(a), the Supreme Court stated good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (alteration in original). *Bracy*, 520 U.S. at 908–09 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

According to Fifth Circuit precedent,

> [a] federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing. Conclusionary allegations are not enough to warrant discovery under Rule 6 of the Federal Rules Governing Section 2254 Petitions; the petitioner must set forth specific allegations of fact. Rule 6, which permits the district court to order discovery on good cause shown, does not authorize fishing expeditions.

*Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner Holifield's Motion for Discovery requests his "drug court record in its entirety." [11 at 13]. Holiefield asserts that through such discovery he will be able to fully develop facts showing that he is entitled to relief. Respondent asserts that Holifield has not shown the requisite good cause to authorize discovery. Reasoning that Holifield's claims are procedurally barred from federal habeas review due to his

4

failure to raise them before Mississippi's highest court. And that the requested discovery would not elicit information to overstep those procedural defaults.

After reviewing the motion, response, and the record before the Court, the Court finds that Holifield has not shown the requisite good cause to entitle him to discovery. The Court's review of the state court records affirms the existence of Holifield's petition to plead guilty [10-2 at 11-12], the trial court's order placing Holifield in the Drug Court program [10-2 at 13-17], and the Drug Court contract signed by Holifield [10-2 at 19-20]. The record also contains the order revoking Holifield's placement in the Drug Court program for violation of the terms and conditions of the Drug Court contract. [10-2 at 22-23]. As well as the complete transcript of the Drug Court program termination hearing [10-2 at 31-48].

The Court notes that Holifield raises four grounds for appeals. [1] Ground one is the sentence of non-adjudicated probation relating to his first indictment was improperly revoked and the stipulation agreement therein is still binding. [1 at 5]. Ground two is "double jeopardy." [1 at 7]. Ground three is that his "probation revocation is not vivified by law because one Judge sat as both Circuit Judge and Drug Court Judge, such is unconstitutional." [1 at 8]. Ground four is "[a]ll three plea agreement are invalid due to lack of jurisdiction." [1 at 10].

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1).

5

Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. *See* 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999).

A federal court may find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991)).

Accordingly, the Court notes that even assuming arguendo that discovery provides the Drug Court record in its entirety, Holifield has not demonstrated that he will be entitled to relief.1 As an initial matter, the record seemingly supports the position that Petitioner failed to exhaust all available state remedies by not presenting his claims to the Mississippi Supreme Court. Likewise, it appears that Petitioner's third ground for relief may be procedurally barred for failure to raise the issue on appeal before the Mississippi Court of Appeals. A fact which the Plaintiff seemingly admits in his habeas petition. [1-9].

For these reasons, the Court finds that Holifield has failed to meet the initial hurdle of explaining how any fact he seeks to prove by discovery, even if found in

---

1 See Pg. 5, ¶ 1 explaining that the entire Drug Court record already exists.

6

Case 3:20-cv-00756-HTW-JCG

his favor, would entitle him to habeas relief. By his failure "to identify, with specific allegations, any dispositive factual disputes, [Holifield] places his request outside the scope of discovery allowed by [R]ule 6." *Johnson v. Horton*, 2:06-cv-84-KS-MTP, 2007 WL 869578, at *1 (S.D. Miss. Mar. 20, 2007). Holifield's motion for discovery is a "fishing expedition" and should be denied. *See Ward,* 21 F.3d at 1367.

## II. Motion for an Extension of Time

The Plaintiff also filed a Motion for Extension of Time to File a Response/Reply to the Respondent's response. [12]. Within the Motion, the Plaintiff "specifically request[ed] a stay pending resolution of Petitioner's Motion for Discovery." [12].

The Court finds that the Plaintiff's Motion for Extension of Time [12] to Respondent's response should be granted. The new deadline for Petitioner's response/reply is July 9, 2021. The Petitioner is advised that the Court will not grant any further extensions to respond to the Respondents Response absent exigent circumstances.

In light of the Court's denial of the Petitioner's Motion for Discovery [11] the Petitioner's request for a stay should be denied as moot.

## CONCLUSION

**IT IS HEREBY ORDERED AND ADJUDGED** that Petitioner Holifield's Motion for Discovery [11] is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Petitioner Holifield's Motion for an Extension of Time [12] is **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED that** Holifield's "Request for

a Stay Pending the Resolution of Petitioner's Motion for Discovery" is **DENIED** for mootness.

      **IT IS FURTHER ORDERED** that Petitioner Holifield is directed to respond to Respondent Turner's Response [9] by July 2, 2021.

      **SO ORDERED**, this the 7th day of June 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE