IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKEY HOLIFIELD**                                                                             **PETITIONER**

v.                                                                          Civil No. 3:20-cv-756-HTW-BWR

**WARDEN CORNELIUS TURNER**                                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the [1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Rickey Holifield. Respondent Warden Cornelius Turner has filed a [9] Response. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing the [1] Petition with prejudice.

## I. BACKGROUND

On August 2, 2016, Petitioner Rickey Holifield ("Petitioner" or "Holifield") was indicted by a grand jury in the Circuit Court of Scott County, Mississippi, Eighth Judicial District, for crimes occurring on February 14, 2015, on one count of possession of methamphetamine in violation of Mississippi Code Annotated § 41-29-139(c)(1)(C), as a second drug offender and habitual offender,[1] and one count of possession of less than thirty grams of marijuana in violation of Mississippi Code Annotated § 41-29-139(c)(2)(A), again as a second drug offender and habitual offender. R. [10-3] at 4-5. On the same day, Holifield was also indicted, for crimes

---

[1] Mississippi Code Annotated § 41-29-147 provides that "[e]xcept as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both." Miss. Code Ann. § 41-29-147.

1

occurring on June 3, 2015, one count of possession of methamphetamine, in violation of Mississippi Code Annotated § 41-29-139(c)(2)(C), as a second drug offender and habitual offender. R. [10-2] at 4-5.

On October 3, 2016, Holifield filed petitions to plead guilty to both indictments. R. [10-2] at 11-12; R. [10-3] at 11-12. The court withheld acceptance of Holifield's guilty pleas, placed Holifield on non-adjudicated probation, and put Holifield in the court's drug court program. *Id*. at 13-17. Following numerous violations of the drug court program's conditions, including failing every drug test for methamphetamine, refusing to comply with electronic monitoring or home arrest, and refusing to enroll into a drug treatment program, the court revoked Holifield's non-adjudicated probation. *Id*. at 22-23; see also R. [10-2] at 35-36. On January 3, 2017, the court accepted Holifield's original guilty plea and sentenced him to serve a total of twelve years imprisonment in the custody of the Mississippi Department of Corrections for the 2015 crimes. *Id*. at 22-23. The order was filed on January 10, 2017.

On August 1, 2017, the grand jury in the Circuit Court of Scott County indicted Holifield, for crimes occurring on April 22, 2016, on one count of trafficking methamphetamine in violation of Mississippi Code Annotated § 41-29-139(f)(1) and § 41-29-139(f)(2)(c), as a second drug offender and habitual offender, one count of possession of hydrocodone and acetaminophen in violation of Mississippi Code Annotated § 41-29-139(c)(1)(B) as a second drug offender and habitual offender, one count of possession of marijuana in violation of Mississippi Code Annotated § 41-29-139(c)(2)(A), and one count of possession of alprazolam in violation of Mississippi

Code Annotated § 41-29-139(c)(3)(A). R. [10-4] at 4-6. On October 9, 2017, Holifield pled guilty on all counts on the 2016 crimes and was sentenced to a total of twenty years in the custody of the Mississippi Department of Corrections to run consecutive to his previously imposed twelve-year sentence. *Id.* at 12-14.

On September 18, 2018, Holifield filed a Motion for Post-Conviction Collateral Relief in the Circuit Court of Scott County. R. [10-1] at 5-10. On December 17, 2018, the court denied Holifield's motion. *Id.* at 32-33. Holifield moved for reconsideration, *id.* at 36-51, but his motion was denied on April 22, 2019, *id.* at 54. Holifield appealed the trial court's denial of his Motion for Post-Conviction Relief, *id.* at 55, but on September 8, 2020 the Mississippi Court of Appeals affirmed the denial. R. [10-5] at 8-13; *see also Holifield v. State*, 303 So.3d 444 (Miss. Ct. App. 2020).

On November 19, 2020, Holifield signed his 28 U.S.C. § 2254 [1] Petition, which was filed of record on November 23, 2020. Pet. [1] at 1-18. Holifield asserts four grounds for federal habeas relief:

1. Sentence of non-adjudicated probation in Case No. 16-CR-081-SC-C and No. 16- CR-083-SC-C was improperly revoked and the stipulation agreement therein is still binding.

2. Double Jeopardy.

3. Holifield's probation revocation is not vivified by law because one Judge sat as both Circuit Judge and Drug Court Judge, such is unconstitutional.

4. All three plea agreements are invalid due to lack of jurisdiction.

*Id*. at 5-10 (all sic in original). Respondent Warden Cornelius Turner ("Respondent") has filed a [9] Response in Opposition. Respondent contends that Holifield's third ground for relief is procedurally barred by the failure to properly present the claim to the state's highest court. Resp. [9] at 12-15. Respondent further contends that Holifield's first, second, and fourth grounds for relief are procedurally barred by the failure to exhaust his state court remedies prior to raising the claims for federal habeas review. *Id*. at 15-23.

## II. LEGAL STANDARD

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a state prisoner must first exhaust state remedies before seeking federal habeas relief. U.S.C. § 2254 (b)(1); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The AEDPA provides, in relevant part, as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

A fundamental prerequisite to federal habeas relief is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999)); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id.* (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

For the purpose of federal habeas relief, a claim has been procedurally defaulted when the petitioner fails to exhaust state remedies but the court to which he would be required to return to properly exhaust his claim would now find the claim procedurally barred. *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001); *see also Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . . [,] there is no substantial difference between no exhaustion and procedural default").

In such instances, the claim is barred from federal habeas review unless the petitioner can show cause for his default and actual prejudice as a result, or that the Court's decision not to address the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995).

### III. DISCUSSION

Based on a thorough review of the record, Holifield failed to properly exhaust his claims in state court before seeking federal habeas review. Following his conviction and sentencing, Holifield filed a Motion for Post-Conviction Collateral Relief in the trial court. R. [10-1] at 5-10. The trial court denied the motion, *id.* at 32-22, and Holifield's subsequent request for reconsideration, *id.* at 54. Holifield appealed, *id.* at 55, but the Mississippi Court of Appeals affirmed the trial court's decision, R. [10-5] at 8-13; *see also Holifield v. State*, 303 So.3d 444 (Miss. Ct. App.

2020). Holifield, thereafter, did not file a motion for rehearing in the Mississippi Court of Appeals.

Under the Mississippi Rules of Appellate Procedure, a decision by the Mississippi Court of Appeals is only reviewable by the Mississippi Supreme Court through a writ of certiorari. Miss. R. App. P. 17(a). However, before a party can seek such review, it must first move for rehearing by the Mississippi Court of Appeals. Miss. R. App. P. 17(b). Thus, to have fairly presented his claims to the highest court of the state in a procedurally proper manner – Holifield had to seek rehearing in the Mississippi Court of Appeals and then seek certiorari review in the Mississippi Supreme Court. Because he did not, Holifield failed to fulfill the fundamental prerequisite to federal habeas relief of exhaustion. *Sterling*, 57 F.3d at 453.

But the time for Holifield to exhaust his claims in state court has long passed. Under Mississippi Rule of Appellate Procedure 17, the deadline for a party to seek re-hearing in the Mississippi Court of Appeals is fourteen days after the Mississippi Court of Appeals rendered a decision on the merits. Miss. R. App. P. 40(a). The Mississippi Court of Appeals affirmed the trial court's denial of Holifield's Motion for Post-Conviction Relief on September 8, 2020. R. [10-5] at 8-13; *see also Holifield*, 303 So.3d at 444. Thus, the deadline for Holifield to seek re-hearing was September 22, 2020. But Holifield never sought rehearing by the Mississippi Court of Appeals.

Because the time for properly exhausting his claims has now passed, Holifield's claims are procedurally defaulted. *See Finley*, 243 F.3d at 220; *see also Jones*, 163 F.3d at 296. Therefore, federal habeas review of his claims is precluded unless

Holifield can show cause for his default and actual prejudice as a result or show that the failure to review his claims would result in a miscarriage of justice. *Coleman,* 501 U.S. at 750; *Sones*, 61 F.3d at 418.

To prove cause sufficient to excuse default, Holifield must establish that some external impediment prevented him from raising the defaulted claims. *Coleman*, 501 U.S. at 753. Holifield has not alleged the existence of an external impediment that prevented him from properly exhausting his claims. Nor does the record reflect any external impediment which caused Holifield to procedurally default his claims. And "neither his *pro se* status nor ignorance of the law constitutes cause to overcome his procedural default." *See Young v. Epps*, Civ. No. 3:12-cv-867, 2015 WL 1198082, at *6 (S.D. Miss. Mar. 13, 2015) (citing *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997)). Thus, unless Holifield can show the fundamental miscarriage of justice exception applies, *Coleman,* 501 U.S. at 750, his claims are precluded from review.

Federal law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in a habeas claim. *See e.g., Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Actual innocence claims must be supported with new, reliable evidence and a showing that "it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). But Holifield has

not presented, or even attempted to present, any new and reliable evidence to support the application of the fundamental miscarriage of justice exception. Accordingly, Holifield's claims are procedurally barred.

Ordinarily, denial based on the failure to exhaust would result in dismissal without prejudice. However, Holifield's claims have been procedurally defaulted from this Court's review by Holifield's own failure to exhaust. *Sones*, 61 F.3d at 416. For that reason, the undersigned must recommend that Holifield's [1] Petition be dismissed with prejudice. *See Chancellor v. Mississippi*, 129 F. App'x. 878, 880 (5th Cir. 2005) (vacating and remanding the action to district court instructing that the district court dismiss the habeas petition with prejudice because the claims were procedurally defaulted).

### III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing Petitioner Rickey Holifield's [1] Petition for Writ of Habeas Corpus with prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 13th day of April 2023.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE